**Adalberto RODRIGUEZ, Petitioner,**

v.

**John B. CARBONE, Michael Chertoff, Michael J. Garcia, Department of Homeland Security, Respondents.**

No. 07–1995–ag.

United States Court of Appeals, Second Circuit.

March 14, 2008.

Matthew L. Guadagno (Jules E. Coven, Kerry W. Bretz, on the brief), Bretz & Coven, LLP, New York, New York, for Petitioner.

Andrew M. McNeela, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Ross E. Morrison, Assistant United States Attorney, of counsel, on the brief), New York, New York, for Respondents.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, Hon. CAROL BAGLEY AMON, District Judge.*

### SUMMARY ORDER

Petitioner Adalberto Rodriguez ("Rodriguez"), a citizen of the Dominican Republic, petitions this Court for review of the August 3, 2004 decision of the Board of Immigration Appeals ("BIA") affirming the July 9, 2003 decision of Immigration Judge ("IJ") Alan L. Page finding Rodriguez ineligible for a waiver of inadmissibility under former Section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed in 1996). We assume the parties' familiarity with the underlying facts and procedural history of this case.

On September 11, 1996, Rodriguez pled guilty to criminal possession of stolen property in the third degree, for which he received a sentence of two-to-four-years' imprisonment. At the time of his guilty plea, the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996), signed into law on April 24, 1996, barred aliens convicted of an aggravated felony from eligibility for § 212(c) relief from deportation. See AEDPA § 440(d). However, the definition of "aggravated felony" did not encompass Rodriguez's conviction. On September 30, 1996, soon after Rodriguez pleaded guilty, the President signed into law the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104–208, 110 Stat. 3009–546 ("IIRIRA"). IIRIRA § 321(a)(3) amended the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(G) to include theft convictions for which the term of imprisonment was at least one year, thus encompassing Rodriguez's conviction. Rodriguez argues that retroactive application of IIRIRA's definition of "aggravated felony" to preclude him from eligibility for § 212(c) relief under AEDPA § 440(d) violates due process.[1] We review this question of law de novo. See Evangelista v. Ashcroft, 359 F.3d 145, 154 (2d Cir.2004).

To the extent Rodriguez argues that retroactive application of IIRIRA's definition of "aggravated felony" is unconstitutional because he lacked fair notice of the consequences of his conviction at the time of his plea, the argument is without merit. Rodriguez recognizes, as he must, that the amended definition of aggravated felony is explicitly retroactive. See IIRIRA § 321(b) (making the amended definition applicable "regardless of whether the conviction was entered before, on, or after the date of enactment of this paragraph"). In Kuhali v. Reno, 266 F.3d 93 (2d Cir.2001), we declined to address the alien's argument that retroactive application of IIRIRA's definition of "aggravated felony" up-

---

* The Honorable Carol Bagley Amon, District Judge, of the United States District Court for the Eastern District of New York, sitting by designation.

1. Section 304(b) of IIRIRA also repealed former INA § 212(c) entirely. However, the Supreme Court concluded that, in contrast to IIRIRA § 321(b), Congress did not unambiguously indicate its intention for the repeal of § 212(c) retroactively. See INS v. St. Cyr, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). It therefore held that "§ 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." Id.; see also id. at 319 & n. 43, 121 S.Ct. 2271 (recognizing that § 321(b) makes the amended definition of aggravated felony explicitly retroactive and stating that it "deal[s] with subjects quite closely related to § 304(b)'s elimination of § 212(c) relief for aliens convicted of aggravated felonies").

set his expectations because "Congress has made explicit that the new provisions of IIRIRA should apply retroactively." *Id.* at 111. We further concluded that application of IIRIRA's definition of "aggravated felony" to make an alien removable for an offense that predated the statute's enactment does not violate due process or the Ex Post Facto Clause. *Id.* at 111–12. In *Brown v. Ashcroft*, 360 F.3d 346, 353 (2d Cir.2004), we extended *Kuhali* to permit retroactive application of the amended definition of "aggravated felony" to an alien's convictions by guilty plea in 1994, two years before IIRIRA was enacted, for purposes of determining his eligibility for § 212(c) relief subject to restrictions contained in the Immigration Act of 1990, Pub. L. No. 101–649, 104 Stat. 4978. As in *Kuhali* and *Brown*, we conclude that the BIA did not err in applying IIRIRA's amended definition of "aggravated felony" to Rodriguez's September 1996 conviction.

To the extent Rodriguez argues that retroactive application of the amended definition to deny his eligibility for § 212(c) relief lacks rational basis, this argument is also unavailing. *See Kuhali*, 266 F.3d at 111 ("Congress has a legitimate interest in protecting society from the commission of aggravated felonies ... and legislation that deports aliens who presently commit or who have committed those acts in the past is a rational means of furthering that interest."); *id.* ("Congress also has a narrower and equally legitimate interest in expeditiously removing dangerous aliens from the country, and uniform application of the new statute to remove *all* aliens convicted of certain offenses rationally furthers that purpose as well."); *see also Rojas–Reyes v. INS*, 235 F.3d 115, 122 (2d Cir.2000) (stating that "the purpose need only be rational" for retroactive application of an immigration statute to be constitutional under the due process clause).

For the foregoing reasons, we DENY the petition for review.